```
        UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
              AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.　　　　　　　　　　　　CRIMINAL ACTION NO. 2:15-00119

**KEVIN WAYNE DAVIS**

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the court is defendant, Kevin Wayne Davis's letter filed on April 2, 2024, wherein the defendant states, "I believe I am eligible for the First Time offence [sic] – 2 points and other sentencing guidline [sic] changes." [See ECF No. 165]. The court construes this letter as a __pro se__, letter form motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points (additional criminal history points

given for the fact of having committed the instant offense while under a criminal justice sentence), decreasing them by one point for individuals with seven or more criminal history points (excluding status points) and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

On February 2, 2016, the defendant pled guilty to Count Three of a three-count Superseding Indictment. Count Three charged the defendant with possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(b) and (b)(2). At the time of his original sentencing, the defendant had a Total Offense Level of 35 and zero criminal history points resulting in a Criminal History Category of One, for a Guideline range of 168 to 210 months. On July 8, 2016, the court imposed a downward variant sentence of imprisonment of 151 months on Count Three, to be followed by 25 years supervised release, a $100 Special Assessment, and Restitution in the amount of $1,000.

The defendant did not receive any criminal history points from Chapter Four, Part A of the Sentencing Guidelines. However, he is ineligible for a two-level reduction in his offense level as a Zero-Point Offender if the court finds that the instant offense of conviction is a sex offense. Section 4C1.1(a) provides that a defendant meet *all* of the listed criteria, which criteria includes, "(5) the instant offense of conviction is not a sex offense." [USSG §4C1.1(a)]. Section 4C1.1(b)(2) provides in pertinent part, that "a sex offense is an offense, perpetrated against a minor, under ...(ii) chapter 110 of title 18, not including a recordkeeping offense[.]" Here the defendant pleaded guilty to possession of child pornography, which is an offense under Chapter 110 of Title 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

As uniformly found in other contexts, possession of child pornography is a sex offense perpetrated against a minor. See, e.g., United States v. Daniels, 541 F.3d 915, 924 (9th Cir. 2008) (explaining that "merely possessing child pornography is not a victimless crime; it fuels the demand for the creation and distribution of child pornography"); United States v. Gonzales, 445 F.3d 815, 819 (5th Cir. 2006) (rejecting claim that "mere consumption" of child pornography "is not an offense perpetrated directly against a minor"); and United States v. Kimler, 335

3

F.3d 1132, 1147 (10th Cir. 2003) (holding that possession and consumption of child pornography are crimes "perpetrated against a minor").

The court finds that the defendant's present offense of conviction is a sex offense under U.S.S.G. §4C1.1, and the defendant fails to meet the criterion set out in §4C1.1, and is ineligible for the two-level reduction.

Accordingly, it is ORDERED that Defendant's <u>pro se</u>, letter form Motion be, and it hereby is, DENIED, and the sentence imposed on June 29, 2016, and set forth in the Judgment Order entered on July 8, 2016, remains in effect.

The Court DIRECTS the Clerk to send a copy of this Order to Defendant, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: August 23, 2024

John T. Copenhaver, Jr.
Senior United States District Judge